McIlvaine, J.
There is no pretence of error in these records, if the right of appeal under the 18th section of the' commissioners’ act (S. & C. 213) does not extend to cases-pending before county commissioners under the statutes authorizing the construction of public drains and free turnpikes.
Section 18 reads: “That if any person or persons shall conceive him, her, or themselves aggrieved by the decision of the county commissioners in any case, such person or persons may, within fifteen days thereafter, appeal to the court of common pleas, notifying the commissioners of such appeal at least ten days before the time of trial, which notice shall be in writing, and delivei’ed personally to the commissioners- or left with the auditor of the county, and the said court shall, at its next term, hear and determine the same, which decision shall be final.”
It is not claimed that an appeal lies, even under the broad terms of this section, from every order which county commissioners are, or may be, authorized to make; And thediificulty is to determine, by a general rule, what cases areappealable and what are not.
We are of opinion that appeals under this section can be taken to the court of common pleas -from decisions made-only in matters of claim or demand against the county in its quasi corporate capacity.
The commissioners, although they be the officers of the-county, acting in its interest, are made the tribunal to adjudge cases of claim against the county, and in such cases-appeals ought to be allowed with great facility, as they are,, under this section.
It must be observed that the only notice of appeal required to be given by the appellant is to the commissioners. The object in giving notice is to inform parties interested in' the matter, adversely to the appellant, of the proceedings- *507 instituted. It may be inferred, therefore, that the legislature intended to charge no one with such notice except parties represented. by the commissioners; and as the commissioners represent no one but the county in its corporate capacity, it follows that the notice, and consequently the appeal, can affect no other person. It is clear that the court of common pleas cannot acquire jurisdiction of a person who-has no notice, either actual or constructive, of the pendency of the proceeding in that court.
The county, in its corporate capacity, has no special interest in the improvements made under the ditch and road laws. It is the general public, for whose benefit these improvements ai’e made, and the general public is represented by the petitioners named in the statutes; and notice of the appeal under section 18 is not given to them.
It seems plain to us, that in a case in which a person (other than the county) has a special interest in the decision of the-commissioners, adverse to the interest of the appellant, no-appeal can be sustained under this section as against such, person.
The legislative intent is also indicated to some extent in contemporaneous and subsequent statutes. This 18th section is a copy from the act of March 5th, 1831; and on the 14th day of the same month the same legislature passed an act for the establishment of State and county roads under the orders-of county commissioners, in which the right of appeal from their decisions to the court of common pleas is expressly provided for. And the same provision has been usually made in statutes conferring upon the commissioners the power of -making or ordering public improvements. None,, however, is found in the statutes under which the commissioners acted in these cases.
Again, the duties imposed upon the commissioners by the-drain and free-turnpike laws are purely political in their character, and not judicial. The necessity and propriety of these improvements are ascertained by the opinions of the commissioners, and the opinions or judgments of the judges of the courts of common pleas ought not to be substituted *508 without expressed or clearly implied authority. For we take it, that if an. appeal lies from an order granting an imimprovement, it also lies from a refusal to grant it. And fin the latter case, if the court, on appeal, should grant the order, we have a case in which private property is taken for a public use, and public burdens imposed, under a doubtfully implied delegation of power. And that, too, without any means provided for carrying the orders into execution.
We find no error in these records.
Judgment affirmed in the former case, and leave refused fin the latter.
Scott, C.J., and Welch, White, and Day, JJ., concurred.